IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TERRY LYNN CASEY,
ADC #113705                                                                                    PLAINTIFF

v.                                          4:07CV00175JMM/HLJ

GRANT COUNTY SHERIFF
DEPARTMENT, et al.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

### **DISPOSITION**

#### I.  Introduction

This matter is before the Court on defendants' motion for summary judgment (DE #38). Plaintiff has filed a response and brief in opposition to the motion (DE ##43, 44).

Plaintiff is a state inmate incarcerated at the Quachita River Unit of the Arkansas Department of Correction (ADC). He seeks relief pursuant to 42 U.S.C. § 1983, based on a traffic stop initiated by the defendants on March 17, 2005. Specifically, plaintiff states that defendants lacked probable cause to initiate the traffic stop, which ultimately resulted in charges against plaintiff of residential burglary and theft of property. Plaintiff complains that he was never charged with the traffic violation, and therefore, defendants violated his constitutional rights. Plaintiff ultimately pleaded guilty to the burglary and theft charges, following denial of his motion to suppress the evidence seized from his vehicle following the traffic stop. Plaintiff asks for damages from the defendants due to his false imprisonment.

...
...

## II. Summary Judgment Motion

### A. Defendants' Motion

In support of their motion, defendants state that plaintiff's complaint against them should be dismissed based on the law set forth in Heck v. Humphrey, 114 U.S. 2364 (1994). Defendants state that plaintiff is seeking damages based on conduct associated with his conviction, which has not been invalidated, and that a decision in his favor would call into question the lawfulness of his conviction. Defendants note that while plaintiff did not receive a ticket for the traffic violations for which he was initially stopped, he was charged with residential burglary and theft of property as a result of stolen items which were found in his car following the traffic stop. During his criminal cases, plaintiff filed a motion to suppress the evidence found in his vehicle due to lack of probable cause to initiate the traffic stop, and following a hearing, a trial judge ruled that the sheriff's deputies did have probable cause to initiate the stop and search plaintiff's car. Although plaintiff pleaded guilty to the charges filed against him, he appealed his conviction to the Arkansas Court of Appeals, and the conviction was affirmed. In the alternative, defendants also state that they are protected from liability by qualified immunity.

### B. Plaintiff's Response

In his response, plaintiff admits he pleaded guilty to the charges of residential burglary and theft, but insists that the issue of his illegal stop, detention, search and arrest for the traffic violations is separate from the burglary and theft charges. Plaintiff states since he was never charged with the traffic violations, he has not been provided the opportunity to refute those charges and therefore, should be entitled to damages. He states Heck should not apply to this situation, because he is not challenging a conviction based on the traffic violations.

C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D.  Analysis

The Court finds that this case falls within the context of Heck, supra, where the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court.     In this particular case, plaintiff challenged the traffic stop and resulting search during his trial court proceedings through a motion to suppress the evidence, and the trial judge ruled there was probable cause to initiate the traffic stop and search his vehicle. While plaintiff argues that the traffic violations (for which he was never charged) are separate from

the burglary charges, the Court finds that they are intertwined and that a decision of this Court concerning the lawfulness of the initial stop and arrest could call into question the validity of the burglary conviction and resultant punishment.

Therefore, the Court finds that plaintiff's complaint should be dismissed without prejudice, pursuant to Heck supra, and that should his burglary conviction be invalidated by a state tribunal or federal court, he may reassert his claim for damages in a subsequent section 1983 action. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' summary judgment motion (DE #38) is GRANTED and that plaintiff's complaint against defendants is DISMISSED without prejudice to plaintiff's right to reassert his claim should his conviction be invalidated by a state tribunal or federal court.[1]

IT IS FURTHER ORDERED that all other pending motions are hereby DENIED as moot.

IT IS SO ORDERED this 3rd day of August, 2007.

*Henry L. Jones, Jr.*
United States Magistrate Judge

---

[1] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."  See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).